Chief Justice Hise
delivered the opinion of the 'Court.
[This opinion, though designated for publication, being written on the record, was overlooked and not published at the appropriate time.]
It is the opinion of the Court that when the appelant or plaintiff in error, in this Court, shall have his appeal or writ of error dismissed, whether upon his own motion or for other cause, in such case it follows, as matter of course, that the whole case is out *4 of court, including the cross errors, should any have been filed by the appellee or defendant in error; whether in the Clerk’s office or with leave of the Court. The act of February, 1838, (3d Statute Law, p. 35.) which authorizes the appellee or defendant in error, to assign cross errors, without prosecuting a cross appeal, or suing out a writ of error, and without filing any additional record, provides that, “In deciding the case, it shall be the duty of the Court to decide, as well the questions presented, on such assignment, as on the errors assigned by the appellant or plaintiff in error.” The act gives no authority, therefore, to this Court to decide upon the cross errors, except when the whole case shall be decided by the Court, upon the original as- well as the cross errors. As the authority to file cross errors and to decide upon them in any case, was given by and derived from the act referred to, and did not and could not exist before its passage, that authority must be exercised only in the cases, and in the manner as allowed by that act — that is to say, cross errors can only be decided and determined in cases where the original errors are also before the Court, to be also decided at the same time.
J. Harlan, for plaintiff; Burdett, for defendant.
Wherefore, if the appeal or writ of error be dismissed by the Court, upon the motion of the appellant or plaintiff in error, or for other sufficient cause, then, of course, the cross errors are coram non judice.